Dear Chief Trabona:
You have asked this office to advise whether an elected member of the Amite City council may also serve as an unpaid reserve officer for the Amite police department.
The statutes which are pertinent to your inquiry are R.S.42:62(3), R.S. 42:62(9) and R.S. 42:63(D) providing respectively:
 (3) "Employment" means any job compensated on a salary or per diem basis, other than an elective or appointive office, in which a person is an employee of the state government or of a political subdivision thereof.
 * * * * *
 (9) "Political subdivision" means a parish, municipality, and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions. In addition for the purposes of the Part, mayor's courts, justice of the peace courts, district attorneys, sheriffs, clerks of court, coroners, tax assessors, registrars of voters, and all other elected parochial officials shall be separate political subdivisions.
 * * * * *
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the *Page 2 
government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. In addition no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court.
Pursuant to R.S. 42:63(D), a member of the city council may not be employed as a police officer by the same municipality. However, as this individual is receiving no compensation he is not considered "employed" as defined by R.S. 42:62(3). Thus, the limitations of the dual officeholding statutes are inapplicable.
Note that a similar conclusion was reached in previous opinions issued by this office. In Attorney General Opinion 91-323, we concluded that a member of the Bossier City Council may work as an unpaid reserve police officer for the City of Bossier. Further, in Attorney General Opinions 06-0030 and 02-0249, this office concluded town councilmen may serve as volunteer town police officers because the latter positions were unpaid. Copies of these opinions are attached for your review.
Finally, note that all those who serve as peace officers must meet the requirements of R.S. 40:2405(2), stating:
 (2) In addition, any person employed or commissioned as a peace officer, reserve peace officer, or part-time peace officer prior to July 1, 1998, including those persons employed as such prior to January 1, 1986, who has not satisfactorily completed a basic firearms training program, shall do so no later than August 1, 1999. All other such persons who begin employment subsequent to July 1, 1998 shall satisfactorily complete a basic firearms training program prescribed by the council within one calendar year from the date of initial employment. Any person who does not comply with the provisions of this Paragraph shall be prohibited from exercising the authority of a peace officer, reserve peace officer, or part-time peace officer; however, such persons shall not be prohibited from performing administrative duties. *Page 3 
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
 Very truly yours,
 CHARLES C. FOTI, JR
 ATTORNEY GENERAL
 BY: __________________________
 KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL
 *Page 4 
State of Louisiana
DEPARTMENT OF JUSTICE P.O. Box 94005Baton Ronge Baton Rouge, LA 70804-9005 (504)-342-7013
OCTOBER 31, 1991
OPINION NUMBER 91-323
LSA-R.S. 42:62
LSA-R.S. 42:63
Mr. John W. Mercer A member of the Bossier City Council may work Council District 1 as a reserve police officer for the City of City of Bossier City Bossier without violating statutes against dual P.O. Box 5337 office holding as he receives no compensation Bossier City, Louisiana 71171-5337 for his employment as a reserve police officer.
Dear Mr. Mercer:
You have requested an opinion of this office on whether an elected City Council member of Bossier City may work as a police officer for the City of Bossier or any other publicly funded law enforcement agency?
The pertinent statutes are LSA R.S. 42:62 and LSA R.S. 42:63.
LSA R.S. 42:62 Definitions
 (3) "Employment" means any job compensated on a salary or per diem basis, other than an elective or appointive office, in which a person is an employee of the state government or of a political subdivision thereof.
LSA R.S. 42:63
 (D.) . . . In addition no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, or shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court.
Additional information brought to the attention of this office is that the individual in question serves in his capacity as a reserve police officer with no compensation. *Page 5 
By LSA R.S. 42:63(D) a member of the city council cannot beemployed as a police officer for the City of Bossier. However, as this individual is receiving no compensation he is not considered "employed" by the definition of employment found in LSA R.S. 42:62(3).
In light of his not receiving compensation and hence not falling under the definition of employment in LSA R.S. 42:62(3) there is no violation of the dual office holding statute LSA R.S.42:63.
Under the specific facts of this case a member of the City Council may also serve as a reserve police officer where he receives no compensation for his work as a reserve police officer.
If this office may be of any further assistance please call on us.
Sincerely,
 WILLIAM J. GUSTE, JR. Attorney General
 BY: _______________ ROBERT L. COCO Staff Attorney
RLC: rh *Page 6 
 State of Louisiana
DEPARTMENT OF JUSTICE
P.O. BOX 94005
Baton Ronge
70804-9005
OPINION 06-0030 ATTACHMENT
 Honorable Curtis McCune Mayor 78 Officers — Dual Officeholding P.O. Box 92 R.S. 42:63(D), R.S. 42:61 et seq.
Stonewall, LA 71078 Councilman may serve as a volunteer police officer.
Dear Mayor McCune:
You have asked this office to advice whether an elected town councilman may serve as a volunteer town police officer.
The statute which is pertinent to your opinion request is R.S.42:63(D), a provision of the Dual Officeholding and Dual Employment Law, and in pertinent part provides:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. . . . (Emphasis added).
The prohibition of R.S. 42:63(D) makes it impermissible for a town councilman as a local elected official to concurrently hold any employment with the police department. However, a councilman could not be considered "employed" for purposes of R.S. 42:63(D) because of his service as a volunteer policeman. See R.S.42:62(3).[1] For this reason, a councilman may serve as a volunteer town police officer.
Should you have other questions or concerns, please contact this office.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: ______________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK: ams *Page 7 
 State of Louisiana
 DEPARTMENT OF JUSTICE P.O. Box 94005 TEL: (504) 342-7013 Baton Ronge FAX: (504) 342-7335
70804-9005
OPINION 02-0249 ATTACHMENT
AUG 02 2002
 Honorable Wade Cline Mayor 1356 Holly 78 Officers-Dual Officeholding Slaughter, LA 70777 Mayor and aldermen may serve as volunteers in the fire and police department.
Dear Mayor Cline:
In response to your recent inquiry, this office is of the opinion that the mayor and aldermen may serve as volunteers in either the municipal police or fire department.
The statute which is pertinent to your opinion request is R.S.42:63D, a provision of the Dual Officeholding and Dual Employment Law, R.S. 42:61, et seq. In pertinent part, R.S. 42:63D provides:
 No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office of full-time political subdivision thereof. No such person shall hold at the same time employment in the government of this state or in the government of a political subdivision thereof. . . . (Emphasis added).
The prohibition of R.S. 42:63D makes it impermissible for the mayor or aldermen as local elected officials to concurrently hold any employment with the fire or police department. However, none of the officials named herein could be considered "employed" for purposes of R.S. 42:63D because of their service as volunteer firemen or policemen. See R.S. 42:62(2).[1]
Should you have other questions or concerns, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: ______________________ KERRY L. KILPATRICK Assistant Attorney General
[1] (3) "Employment" means any job compensated on a salary or per diem basis, other than an elective or appointive office, in which a person is an employee of the state government or of a political subdivision, thereof.
[1] (3) "Employment" means any job compensated on a salary or per diem basis, other than an elective or appointive office, in which a person is an employee of the state government or of a political subdivision thereof.